UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 0:22CV61556

**CROWN CASTLE FIBER LLC,**

      Plaintiff,

v.

**VIKING UTILITY, INC.,**

      Defendant.

## COMPLAINT

Plaintiff Crown Castle Fiber LLC, in the above styled cause, sue Defendant Viking Utility, Inc. This action is filed under 28 U.S.C. § 1332(a)(1) because diversity of citizenship exists and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

## JURISDICTION AND VENUE

1. Plaintiff Crown Castle Fiber LLC ("Crown Castle") is a single member New York limited liability company. Crown Castle's member is Crown Castle Fiber Holdings Corp., a Delaware corporation with a business address in Houston, Texas.

2. Defendant Viking Utility, Inc. ("Viking") is a Florida corporation with its principal place of business in Boynton Beach, Florida.

3. This Court has personal jurisdiction over Defendant because the events giving rise to this action occurred in or near Pompano Beach, Broward County, Florida.

4. Defendant conducts business in this judicial district and a substantial part of the events or omissions giving rise to this action occurred in or near Pompano Beach, Broward County, Florida. Venue is therefore proper in this Court and District pursuant to 28 U.S.C. §§ 89(c), 1391(a), (b)(2), and (c)(2).

## BACKGROUND INFORMATION

5. Crown Castle is a telecommunications infrastructure company that, among other things, owns a network of fiber optic cables, some of which are buried underground.

6. By state statute and agreement with and/or permission from the State of Florida, Broward County and/or the City of Pompano Beach, or by interest in a certain easement, Crown Castle possesses the rights to install, operate, and maintain telecommunications cables on, over or under certain land at or near NW corner of Federal Hwy and SE 9th St, in or near Pompano Beach, Broward County, Florida.

7. By virtue of this statute, agreement, permission and/or grant of easement, Crown Castle is entitled to undisturbed possession of those rights. In accordance with its rights under the law and the agreement with, easement grant and/or permission from the State of Florida, the County of Broward, and/or the City of Pompano Beach, Crown Castle installed and operates a telecommunications cable at or near NW corner of Federal Hwy and SE 9th St, in or near Pompano Beach, Broward County, Florida. (the "Cable").

8. In accordance with §§ 556.101, Fla. Stat. (2017), *et seq.*, Crown Castle is a member of Sunshine State One-Call of Florida, Inc. ("Sunshine State"), the notification center formed pursuant to §§ 556-103, 556-104, Fla. Stat. (2017) to receive notices from excavators planning to excavate within the State of Florida and transmit those notices to the operators of underground facilities within the proposed excavation area described in the excavator's notice to Sunshine State.

9. Prior to August 24, 2018, Crown Castle had properly marked the approximate horizontal location of the Cable at or near NW corner of Federal Hwy and SE 9th St, in or near Pompano Beach, Broward County, Florida.

## FIRST CAUSE OF ACTION
(Trespass)

10. Crown Castle repeats and realleges each and every allegation contained in Paragraphs 1-9 above.

11. On August 24, 2018, Viking was, without Crown Castle's knowledge or consent, against Crown Castle's will and in violation of Florida law, federal OSHA regulations and reasonable and accepted industry standards and practices, excavating with mechanized equipment in the area where the Cable is located at or near NW corner of Federal Hwy and SE 9th St, in or near Pompano Beach, Broward County, Florida.

12. Upon information and belief, on August 24, 2018, without Crown Castle's knowledge or consent, and against Crown Castle's will, Viking damaged the Cable while excavating with mechanized equipment as described in Paragraph 11 above.

13. As a result of Viking's actions, Crown Castle sustained disturbance to its rights of use or servitude, and damage to and the loss of the use of the Cable which has resulted in actual damages to Crown Castle in excess of $75,000.00.

**WHEREFORE**, Plaintiff Crown Castle prays this Court grant judgment in its favor against Defendant Viking on Crown Castle's First Claim for Relief, awarding MCI actual damages in excess of $75,000.00; punitive damages in an amount sufficient to punish Defendant Viking for its actions; interest thereon as allowed by law; all costs of this action; and such other and further relief as this Court may deem just and proper.

## SECOND CAUSE OF ACTION
(Negligence)

14. Crown Castle repeats and realleges each and every allegation contained in Paragraphs 1-13 above as if fully set forth at length herein.

15. Upon information and belief, Viking acted negligently in excavating with mechanized equipment as described in Paragraph 11. This negligent conduct included, but is not limited to the following:

    a. Failing to excavate in a careful and prudent manner based on accepted engineering and construction practices as required by §§ 556.101, Fla. Stat. (2017), *et seq.*;

    b. Failing to take adequate measures to ensure Crown Castle's Cable would not be damaged during the work described in Paragraph 11 above;

    c. Failing to train Viking's employees involved with the excavation with respect to the applicable statutes, regulations and industry standards regarding excavation in the area of underground utilities, including, but not limited to, the provisions of §§ 556.105, Fla. Stat. (2017), *et seq.*;

    d. Failing to adequately supervise Viking's employees and ensure they complied with all applicable statutes, regulations and industry standards regarding excavation in the area of underground utilities, including, but not limited to, the provisions of §§ 556.105, Fla. Stat. (2017), *et seq.*; and

    e. Failing to adhere to all applicable federal and state statutes and regulations and all applicable industry standards and guidelines as they relate to the protection of underground utilities.

16. As a result of Viking's actions and/or omissions, Crown Castle has sustained damage to and the loss of the use of its Cable which has resulted in actual damages to Crown Castle in excess of $75,000.00.

17. The actions of Viking were intentional, grossly negligent and/or reckless, and exhibited a willful and wanton disregard of Crown Castle's rights and a conscious indifference to the consequences.

**WHEREFORE**, Plaintiff Crown Castle prays this Court grant judgment in Crown Castle's favor against Defendant Viking on Crown Castle's Second Claim for Relief, awarding Crown Castle actual damages in excess of $75,000.00; punitive damages in an amount sufficient to punish

4

Defendant Viking for its actions; interest thereon as allowed by law; all costs of this action; and such other and further relief as this Court may deem just and proper.

DATED this 22nd day of August 2022.

Respectfully submitted

/s/ Gregory Herrick
Gregory Herrick
Florida Bar No. 112014
Email: gherrick@gadclaw.com
GOEDE, DEBOEST & CROSS, PLLC
6609 Willow Park Drive
Naples, FL  34109
Telephone:  (239) 333-2992
Facsimile:  (239) 333-2999

**ATTORNEYS FOR PLAINTIFF
CROWN CASTLE FIBER LLC**

2641556.1:510975.02921